UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

WILMER BALDEMAR SALAZAR-VILLEDA,

              Petitioner,          07 CV 6056 (CM)
                                                  06 CR 346 (CM)

-against-

UNITED STATES OF AMERICA,

              Respondent.

-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/07

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE
OR CORRECT HIS SENTENCE

McMahon, J.:

On April 19, 2006, Salazar-Villeda plead guilty before Magistrate Judge Mark D. Fox, pursuant to a plea agreement with *inter alia* a stipulated Guidelines range of 46 to 57 months' imprisonment. (Plea Agrmt). The Court adopted Magistrate Judge Fox's recommendation that the plea be accepted and on July 18, 2006, the Court sentenced Salazar-Villeda, principally, to 46 months' imprisonment and three years' supervised release.

On or about June 12, 2007, Salazar-Villeda, proceeding *pro se*, filed the instant motion to vacate his sentence pursuant to Section 2255. Salazar-Villeda claims that his trial counsel rendered ineffective assistance by failing to seek a downward departure on the ground that he was a deportable alien, and by allegedly failing to raise mitigating circumstances relevant to sentencing under Title 18, United States Code, Section 3553(a). (Salazar Mot. at 3).

Background

Salazar-Villeda was charged in a one-count indictment with conspiring to distribute and possess with intent to distribute 500 grams and more of cocaine and five grams and more of crack cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), and 846. The Indictment alleged that Salazar-Villeda conspired to commit this crime in September 2005 and that on or about September 28, 2005, Salazar-Villeda and a co-conspirator went to a restaurant in Spring Valley, New York, to sell quantities of cocaine and crack.

On April 19, 2006, Salazar-Villeda waived his right to plead guilty before this Court and pleaded guilty before Magistrate Judge Mark D. Fox, pursuant to the plea agreement. Because the offense involved 946.9 grams of cocaine and 16.9 grams of cocaine base, Salazar-Villeda's base

offense level was 28. (Plea Agrmt. at 2). Salazar-Villeda received a two-level reduction pursuant to U.S.S.G. §§ 2D1.1(b)(7) and 5C1.2(a) because he was deemed eligible for "safety valve" relief, and he received an additional three-level reduction for acceptance of responsibility. (Plea Agrmt. at 2). Based on the applicable offense level of 23 and a Criminal History Category of I, the parties stipulated to a sentencing Guidelines range of 46 to 57 months' imprisonment (the "Stipulated Guidelines Range"). (Plea Agrmt. at 2). Because Salazar-Villeda was deemed eligible for "safety valve" relief, the parties agreed that he could be sentenced without regard to the 60-month minimum mandated by statute.

The plea agreement also contained a provision according to which Salazar-Villeda waived his right to appeal or collaterally attack his sentence: "**the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range**" (Plea Agrmt. at 4) (emphasis added). The agreement also provided that "**The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted,**" and that "**neither party will seek such a departure or seek any adjustment not set forth herein.**" (Plea Agrmt. at 3) (emphasis added). In addition, the agreement provided that "[t]he parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a)," and that "**neither party will seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, or suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range.**" (Plea Agrmt. at 3) (emphasis added).

At Salazar-Villeda's plea proceeding, Magistrate Judge Fox questioned Salazar-Villeda about his representation and his understanding of the plea agreement. In particular, it was established unequivocally that Salazar-Villeda: was satisfied with his representation by his lawyer; reviewed the charging instrument and plea agreement in detail with his lawyer and an interpreter; had all of his questions about the charging instrument and the plea agreement answered to his satisfaction; understood all of his lawyer's answers to his questions; and understood the plea agreement before he signed it. (See Transcript of Plea Proceeding held April 19, 2006 ("Plea Tr."), at 13-15). Following Salazar-Villeda's plea proceeding before Magistrate Judge Fox, this Court accepted Salazar-Villeda's guilty plea. (See Order Accepting The Plea Allocution Before A U.S. Magistrate Judge, dated May 15, 2006, attached hereto as Exhibit C).

On July 18, 2006, this Court sentenced Salazar-Villeda to 46 months' imprisonment (the bottom of the Stipulated Guidelines Range set forth in his plea agreement) and three years' supervised release. (See Judgment dated July 18, 2006).

Salazar-Villeda Waived Any Challenges To His Sentence

The law in this Circuit is clear: "In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain

sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). While it is true that an appeal waiver "does not foreclose an attack on the validity of the process by which the waiver had been procured (here, the negotiations surrounding the plea agreement), see Frederick v. Warden, Lewisburg Corr. Facil., 308 F.3d 192, 195 (2d Cir. 2002), the focus of Salazar-Villeda claim is that he received ineffective assistance **at sentencing**. Petitioner makes no claim with respect to the plea agreement or even the plea proceeding itself.

The record in this case demonstrates that Salazar-Villeda entered into his plea agreement knowingly and voluntarily. Magistrate Judge Fox conducted a thorough guilty plea allocution. He confirmed Salazar-Villeda's awareness of the Stipulated Guidelines Range of 46 to 57 months' imprisonment (Plea Tr. at 16, 20-21), as well as Salazar's awareness of his waiver of the right to appeal or otherwise challenge any sentence within or below the Stipulated Guidelines Range. (Plea Tr. at 21). Salazar-Villeda also confirmed that he had discussed the plea agreement with his attorney, that he had reviewed and fully understood the plea agreement before signing it, and that he had not been threatened, forced, or pressured in any way to sign the plea agreement. (Plea Tr. at 14-15). Moreover, Salazar-Villeda stated that he was satisfied with his attorney's representation. (Plea Tr. at 13). The record is clear that Salazar-Villeda's waiver of his right to appeal or otherwise challenge his sentence was knowing and voluntary. See United States v. Morgan, 386 F.3d 376, 379-80 (2d Cir. 2004). Therefore, the waiver in the plea agreement is enforceable.

The petition is dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as the Petitioner fails to make a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 332, 336 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

December 17, 2007

_____
U.S.D.J.

BY FIRST CLASS MAIL TO:

Wilmer Baldemar Salazar-Villeda
CI Reeves III
Correctional Institution
P.O. BOX 2038
Pecos, TX 79772

BY FAX TO:

David V. Harbach, II
Assistant United States Attorney